UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUANA FLORES,<br><br>            Plaintiff,<br><br>     v.<br><br>UNITED STATES OF AMERICA, *et al*.,<br><br>            Defendants. | Case No. 1:24-cv-01064-KES-CDB<br><br>ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR IMPROPER VENUE<br><br>(Doc. 1)<br><br>**<u>SEVEN-DAY DEADLINE</u>** |

On September 5, 2024, Plaintiff Juana Flores ("Plaintiff") initiated this action with the filing of a complaint asserting claims pursuant to the Federal Torts Claim Act for personal injuries against Defendants the United States of America, the United States Postal Service, Jonathan Daniel Douglas Elysee, and unnamed Doe Defendants (hereinafter collectively "Defendants"). (Doc. 1). Upon review of the complaint, the Court preliminary questions whether this action was commenced in the appropriate venue.

In her complaint, Plaintiff pleads, "[v]enue is proper in the *Central District of California* because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within the *Central District of California*. All the Plaintiffs, Defendant [Jonathan Daniel Douglas Elysee], medical providers, and witnesses reside within the *Central District*." *Id*. at ¶ 4 (emphasis added). However, in the next paragraph, Plaintiff alleges "[v]enue is proper

specifically in the Eastern Division of this District because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within the Division of the Eastern District of California & all the Plaintiffs, Defendant [Jonathan Daniel Douglas Elysee], medical providers, and witnesses reside within the Division of the Eastern District of California." *Id*. at ¶ 5. Thus, Plaintiff's complaint is unclear whether she intended to file this action within the Eastern District of California or the Eastern Division of the Central District of California.

The Court's confusion about where the suit properly is prosecuted is magnified based on other inconsistent factual allegations within the complaint. Plaintiff pleads that she was operating a 1997 Toyota Camry, in Kern County. *Id*. at ¶ 19. However, Plaintiff pleads that Defendant Elysee and Doe Defendants were operating a vehicle in Los Angeles County that caused a collision with Plaintiff on July 14, 2023. *Id*. at ¶¶ 20-21. The Court can only speculate how both allegations could be true.

The Court takes judicial notice that this is not the first instance Plaintiff and Plaintiff's Counsel Jonathan Bakhsheshian were advised of similar pleading defects. *See Flores v. USA, et al*., No. 1:23-cv-01742-KES-CDB, Doc. 6.[1] Despite the Court's previous order to show cause, it appears Plaintiff has filed a complaint with similar defects. Again, the Court notes the above-identified defects could be remedied by amendment. *See* Fed. R. Civ. P. 15(a)(2) ("[t]he court should freely give leave [to amend] when justice so requires."); *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing, <u>no later than October 10, 2024</u>, why this action should not be transferred to a court in a proper venue.[2]

---

[1] Courts may take judicial notice of facts related to the case before it. *See Amphibious Partners, LLC v. Redman*, 534 F.3d 1357, 1361-62 (10th Cir. 2008) (district court was entitled to take judicial notice of its memorandum of order and judgment from previous case involving same parties). Also, a court may judicially notice the records and filing of other court proceedings. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 802 n. 2 (9th Cir. 2002).

[2] The filing of a First Amended Complaint will not affect Plaintiff's ability to later file an amended complaint as a matter of course pursuant to Rule 15(a) of the Federal Rules of Civil Procedure. *See Ramirez v. Cnty. of San Bernardino*, 806 F.3d 1002, 1007 (9th Cir. 2015).

In the alternative, Plaintiff may satisfy her requirement to respond to this show cause order by filing a first amended complaint ("FAC") to remedy the deficiencies noted above <u>no later than October 10, 2024</u>. Any such FAC supersedes the original complaint and once filed, the original complaint no longer serves any function in the case. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.

In the alternative, Plaintiff may file a notice of voluntary dismissal without prejudice (*see* Fed. R. Civ. P. 41(a)(1)(A)(i)) to permit the re-filing of her action in another District where she believes venue is proper. Plaintiff may comply with this Order by filing a notice of voluntary dismissal without prejudice <u>no later than October 10, 2024</u>.

**Any failure by Plaintiff to timely respond to this order will result in the imposition of sanctions, up to and including a recommendation that the action be dismissed.**

IT IS SO ORDERED.

Dated:   **October 3, 2024**

UNITED STATES MAGISTRATE JUDGE