1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                          EASTERN DISTRICT OF CALIFORNIA
10

11   JUANA FLORES,                          Case No. 1:24-cv-01064-KES-CDB
12              Plaintiff,                   FINDINGS AND RECOMMENDATIONS
                                             TO DISMISS DEFENDANT JONATHAN
13        v.                                 DANIEL DOUGLAS ELYSEE WITHOUT
                                             PREJUDICE PURSUANT TO FED. R. CIV.
14   UNITED STATES OF AMERICA, *et al.*,     P. 4(m)
15              Defendants.
                                             (Docs. 4, 9, 11)
16
17                                           **14-DAY OBJECTION PERIOD**
18        **Background**
19        Plaintiff Juana Flores ("Plaintiff") initiated this action with the filing of a complaint on
20   September 5, 2024, against Defendants United States of America, United States Postal Service, and
21   Jonathan Daniel Douglas Elysee ("Defendants"). (Doc. 1). The following day, the Clerk of the
22   Court issued summonses and the Court entered an order setting a mandatory scheduling conference
23   for December 2, 2024. (Docs. 4-6). The Court's order directed Plaintiff to "diligently pursue
24   service of summons and complaint" and "promptly file proofs of service." (Doc. 6 at 1). The order
25   further advised Plaintiff that failure to diligently prosecute this action "may result in the imposition
26   of sanctions, including the dismissal of unserved defendants." (*Id*.). On October 3, 2024, Plaintiff
27   filed its first amended complaint. (Doc. 7).
28        On November 22, 2024, the Court ordered Plaintiff to show cause ("OSC") within five days

of the entry of the order why sanctions should not be imposed for Plaintiff's failure to prosecute and to serve the summonses and complaint in a timely manner. (Doc. 9). The Court's order directed Plaintiff to effect service of this order and to promptly file proof of service thereof. (*Id.* at 2-3). The Court also continued the scheduling conference to January 30, 2025. (*Id.* at 2). The Court admonished Plaintiff that "[a]ny failure to timely respond to this order to show cause will result in the imposition of sanctions, up to and including a recommendation to dismiss [unserved Defendants or this action in its entirety]." (*Id.* at 2-3).

On November 27, 2024, Plaintiff timely filed return of service as to Defendants United States of America and United States Postal Service ("Government Defendants"). (Doc. 10). No return of service is filed as to Defendant Elysee. That same day, counsel for Plaintiff, Jonathan Bakhsheshian, timely filed his declaration in response to the OSC. (Doc. 11). Therein, counsel for Plaintiff declares that that on October 25, 2024, copies of the amended complaint were sent to counsel for Government Defendants, Brodie Butland, and attached their email exchange and prior discussions. (*Id.* at ¶¶ 6-7, Exs. 2, 3). Counsel for Plaintiff declares that on October 30, 2024, his wife gave birth to a son, and he has been on semi-paternity leave and away from the office. (*Id.* at ¶ 8). Counsel for Plaintiff declares that he received notice of the OSC and came into his office to address this matter on November 27, 2024, and again emailed the amended complaint package to Counsel Butland, requesting acceptance of service on behalf of Government Defendants. (*Id.* at ¶¶ 8-9, Ex. 4). Counsel Butland accepted service on November 27, 2024, and Government Defendants require a response to the amended complaint by January 27, 2025, barring any requests for an extension. (*Id.* at ¶ 10, Ex. 5).

Counsel for Plaintiff declares that he sent copies of the amended complaint "on rush order to serve Defendant Elysee at his last known address, an address that in the prior case [2:23-cv-01296, which was dismissed due to lack of subject matter jurisdiction], he accepted service at." (*Id.* at ¶ 11). Counsel for Plaintiff attests that he "anticipates Defendant Elysee to be served within 7 days [e.g., not later than December 4, 2024], and all Answers on this matter to be filed no later than February 7, 2025." (*Id.* at ¶ 12). Counsel for Plaintiff apologizes to this Court for the delay in this matter and would not have delayed "but for the birth of [his] son, and service would have

2

been effectuated earlier in November 2024." (*Id.* at ¶ 13).  Counsel for Plaintiff declares that sanctions should not be imposed "due to Plaintiff's on-going due diligence in pursuing this matter[,] and [t]his matter should not be dismissed since it is apparent that all parties will be served within 7 days, and this matter will proceed forward in early 2025." (*Id.* at ¶¶ 14, 15).

**Discussion**

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions…within the inherent power of the Court."  The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000).

In addition, Rule 4(m) of the Federal Rules of Civil Procedure provides in pertinent part: "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).  Absent a showing of good cause, failure to comply with Rule 4(m) requires dismissal of any unserved defendant.  (*Id.*).

Here, Plaintiff's response to the Court's show cause order indicates they did not make attempts to timely effect service upon Defendant Elysee.  Though Counsel for Plaintiff declared that he "anticipates Defendant Elysee to be served within 7 days" from the date he responded to the OSC on November 27, 2024—which represents service of Defendant Elysee to be completed by December 4, 2024—no proof of service has been filed to-date and Plaintiff otherwise has not reported to the Court why, if service has not been effective, any extension is warranted.  Counsel for Plaintiff offers only the birth of his son as an explanation for delaying more than 90 days after issuance of the summons before attempting to effect service but, in the nearly three weeks since the Court's show cause order, has offered no basis for finding good cause to excuse the continuing failure to timely effect service.  Moreover, in the OSC entered on November 22, 2024, the Court took judicial notice that this is not the first instance counsel for Plaintiff Jonathan Bakhsheshian has been admonished about his failure to comply with the Court's orders and Rule

4(m) in connection with effecting service of process. (Doc. 9 at 2); s*ee Flores v. United States, et al.*, No. 1:23-cv-01742-KES-CDB (Doc. 9).

In the face of the Court's previous admonishment, it appears counsel for Plaintiff continues to disregard orders of the Court and the Federal Rules of Civil Procedure. Accordingly, the imposition of sanctions appears particularly appropriate under these circumstances. On these facts, the undersigned recommends the Court exercises its broad discretion to decline to extend the time within which Plaintiff may effect service of process upon Defendant Jonathan Daniel Douglas Elysee.

**Conclusion and Recommendation**

Based on the foregoing, IT IS HEREBY RECOMMENDED that:

1. Defendant Jonathan Daniel Douglas Elysee is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m); and

2. The Clerk of the Court is DIRECTED to terminate Defendant Jonathan Daniel Douglas Elysee and update the docket accordingly.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections.

*Remainder of This Page Intentionally Left Blank*

4

1    To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit

2    in the record by its CM/ECF document and page number, when possible, or otherwise reference

3    the exhibit with specificity. **Any pages filed in excess of the 15-page limitation may be**

4    **disregarded by the District Judge** when reviewing these Findings and Recommendations under

5    28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may

6    result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir.

7    2014).

8    IT IS SO ORDERED.

9    Dated:    **December 11, 2024**                    _____

10                                                         UNITED STATES MAGISTRATE JUDGE

5