1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   JUANA FLORES,                          Case No. 1:24-cv-01064-CDB

12                  Plaintiff,              ORDER GRANTING DEFENDANT'S
                                            UNOPPOSED MOTION TO CONTINUE
13          v.                              NON-DISPOSITIVE MOTION DEADLINES

14   UNITED STATES OF AMERICA,              (Docs. 27, 32)

15                  Defendant.

16

17          Plaintiff Juana Flores ("Plaintiff") initiated this action with the filing of a complaint on

18   September 5, 2024.  (Doc. 1).  The operative first amended complaint against Defendant United

19   States of America ("Defendant" or "Government") and since-dismissed defendants was filed on

20   October 3, 2024.  (Doc. 7).  On March 20, 2025, the Court entered the operative scheduling order

21   setting forth discovery, motion and pretrial and trial dates and deadlines, including, relevant here,

22   the deadline to file non-dispositive motions by October 17, 2025, to be heard before the

23   undersigned on November 21, 2025.  (Doc. 27).

24          Pending before the Court is Defendant's unopposed motion to continue the non-

25   dispositive motion deadline, filed on October 1, 2025.  (Doc. 32).  Defendant represents that on

26   September 30, 2025, the appropriations that have been funding the Department of Justice expired

27   and appropriations to the Department lapsed, and it is not clear when funding will be restored by

28   Congress.  *Id.* ¶ 1.  Defendant represents that absent an appropriation or continuing resolution,

Department of Justice attorneys are prohibited from working, even on a voluntary basis, except in very limited circumstances, including "emergencies involving the safety of human life or the protection of property" but that exception is not deemed to include most civil cases. *Id.* ¶ 2 (citing 31 U.S.C. § 1342). Counsel for Defendant therefore requests a continuance of the deadline to file non-dispositive motions in this case until Congress has restored appropriations to the Department. *Id.* ¶ 3. Counsel for Defendant represents that if the request is granted, he will notify the Court as soon as Congress has appropriated funds for the Department or enacted a continuing resolution, and that subsequent to restored appropriations, he may also need to request extensions on other impacted deadlines. *Id.* ¶ 4. Thus, Defendant moves for a continuance of the non-dispositive motion filing deadline in this case until Department attorneys are permitted to resume their usual civil litigation functions. *Id.* at 2.

On October 3, 2025, Plaintiff filed a statement of non-opposition to Defendant's motion to continue the non-dispositive motion deadline, indicating Plaintiff agrees with the requested continuance. (Doc. 34). Additionally, Plaintiff unilaterally requests that the expired non-expert discovery deadline of September 26, 2025, be continued to January 2026 or a date prior to the deadline for non-dispositive motions for the purpose of facilitating additional discovery as necessary to finalize any non-dispositive motions. *Id.* at 2.

Here, in light of Defendant's representation that counsel for the Government is prohibited from working during the pendency of lapse in appropriations, and Plaintiff's agreement to the requested continuance, the Court finds good cause to continue the non-dispositive motion filing deadline and hearing date by 45 days. *See* Local Rule 144(c).

However, the Court does not find good cause to grant Plaintiff's request to continue the expired non-expert discovery deadline. First, Defendant's request to continue the non-dispositive motion deadline (prompting Plaintiff to file her unilateral request to extend non-expert discovery) was filed after the non-expert discovery deadline had already expired (undermining any assertion by Plaintiff that diligently sought to continue discovery). Second, Plaintiff advances no discernable reason why additional non-expert discovery would be necessary to respond to any forthcoming non-dispositive motions by Defendant. Therefore, Plaintiff's request will be denied.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Conclusion and Order**

Good cause appearing, IT IS HEREBY ORDERED that the scheduling order (Doc. 27) is amended as follows: non-dispositive motions shall be filed by **November 5, 2026**; non-dispositive motion hearing (CDB) is continued to **December 11, 2025, at 10:30 AM**.

Further, Defendant SHALL FILE a status report within **three (3) days** of any restored appropriations of funds for the Department of Justice or enactment of a continuing resolution and whether any amendments are needed to the dates and deadlines of the operative scheduling order.

Plaintiff's request to continue the non-expert discovery deadline (Doc. 34) is DENIED.

All other case management dates and provisions of the operative scheduling order (Doc. 27) not in conflict with this order remain unchanged.

IT IS SO ORDERED.

Dated:    **October 6, 2025**                    _____
                                                 UNITED STATES MAGISTRATE JUDGE

3